UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Marci LaFavers,<br><br>   Plaintiff,<br>v.<br><br>Williams, Scott & Associates LLC; and<br>DOES 1-10, inclusive,<br><br>   Defendants. | Civil Action No.: 4:10-cv-660<br><br>**COMPLAINT**<br>JURY |

For this Complaint, the Plaintiff, Marci LaFavers, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Marci LaFavers ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, William, Scott & Associates LLC (the "Defendant"), is a Georgia business entity with an address of 3340 Peachtree Road, Suite 1800, Atlanta, Georgia 30326, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. William, Scott & Associates LLC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $1,100 (the "Debt") to Ace Cash Express Incorporated (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Defendant for collection, or the Defendant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     William, Scott & Associates Engages in Harassment and Abusive Tactics**

12.     The original Debt was $1,100.  The Defendants are attempting to collect $1,695.46.

13.     The Defendants threatened Plaintiff with charges of fraud and stated Plaintiff was to be arrested.

14.     An agent of Defendants called the Plaintiff and failed to identify himself/herself as being an agent of the Defendant, referring to himself/herself only as "Investigator Bettis."

15.     The Defendants called Plaintiff's mother's house.  When the Plaintiff's Brother answered, the Defendants stated "you better get a hold of her and tell her that she is being charged with fraud and if she doesn't pay we're sending the authorities to pick her up."

16.     The Defendants threatened to arrest the Plaintiff, if she did not agree to pay the Defendants.

17.     The Defendants told the Plaintiff that they were preparing to take her to court.  To date, no such action has been taken.

18.     The Defendants told Plaintiff that she had a court date scheduled the following business day unless she paid the debt immediately.

19.     The Defendants failed to send any written correspondence to the Plaintiff, informing her of her legal right to dispute the Debt, or any other rights under state or federal law.

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

25.    The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

26.    The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

27.    The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

28.    The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29.    The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30.    The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the Debt was not paid.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The Defendants falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

48. The Defendants threatened that the Plaintiff would be arrested for nonpayment of the Debt without court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

49. The Defendants threatened to file a criminal complaint against the Plaintiff, despite having knowledge that the Plaintiff did not violate a criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6).

50. The Defendants threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

51. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

52. The Defendants called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

53. The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

54. The Defendants failed to clearly disclose the name of the debt collector or debt collection agency when making a demand for money from the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.304(4).

55. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

58. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

7

59.     To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show:  (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion.  *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

60.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff by stating to Plaintiff and Plaintiff's family that Plaintiff had committed fraud and was to be arrested.

61.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

62.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

63.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

65.     To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the

plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

66. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

67. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

68. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendants for the all damages including

      emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 2, 2010

        Respectfully submitted,
        By: __/s/ Diana P. Larson_____
        Diana P. Larson, Attorney-in-Charge
        Texas Bar No. 24007799
        Southern District of Texas Bar No. 24957
        The Larson Law Office, PLLC
        440 Louisiana, Suite 900
        Houston, Texas  77002
        Telephone:  (713) 221-9088
        Facsimile:  (832) 415-9762
        Email:  diana@thelarsonlawoffice.com

        Of Counsel To:
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666

        ATTORNEYS FOR PLAINTIFF